# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRYCE S. MYSZKA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:07-0671 |
| | ) | Judge Trauger |
| **CHIEF DEPUTY ASBURY, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Presently pending before the court is the Magistrate Judge's Report and Recommendation (R&R) entered July 31, 2008 (Docket Entry No. 38), to which the plaintiff has filed timely objections (Docket Entry No. 42).

### I. STANDARD OF REVIEW

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the Magistrate Judge's recommendations to which objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Rule 72(b)(3), Fed. R. Civ. P.

### II. ANALYSIS

#### A. The Magistrate Judge's Recommendations

The Magistrate Judge recommends that the defendants' motion for summary judgment (Docket Entry No. 30) be granted as a matter of law because: 1) defendants Asbury, Little, and Jones are entitled to qualified immunity; and 2) the plaintiff fails to state a claim on which relief may be granted as to defendant Moody. The Magistrate Judge concluded with respect to defendants Asbury,

Little, and Jones that it was "reasonable for [them] to believe that restricting Plaintiff's access to [daily newspapers, photocopied material, magazines and clippings, and mail with staples] for security and safety purposes is a legitimate penological practice." (Docket Entry No. 38, pp. 6-9) Although the Magistrate Judge concluded that defendant Moody was not entitled to qualified immunity, he nevertheless determined that defendant Moody was entitled to summary judgment because "the nonreceipt of a single piece of mail does not rise to an actionable violation of Plaintiff's constitutional rights." (Docket Entry No. 38, pp. 9-11)

The plaintiff's burden in objecting to the R&R remains the same as it was when he responded to the motion for summary judgment: the plaintiff must present evidence that there is a genuine issue of material fact.

### B. Plaintiff's Objections to the R&R

#### 1. Qualified Immunity

In his objections to the R&R, the plaintiff repeats his underlying claim that he has a constitutional right to receive the various kinds of mail at issue. (Docket Entry No. 42, pp. 1-4) The plaintiff also repeats his claim that RCADC's mail policy is unconstitutional, argues that the reasons articulated by the defendants for RCADC's policy do not constitute legitimate penological considerations, asserts that the reasons for the policy articulated by the defendants are a mere pretext for interfering with his First Amendment rights, and maintains that the Magistrate Judge erred in permitting Lieutenants Manus and Cope – both of whom submitted affidavits in support of the defendants' motion for summary judgment – to "testify as fire safety experts." (Docket Entry No. 42, pp. 2-4)

The plaintiff provides no evidence to show that defendants Asbury, Little, and Jones are not

2

entitled to qualified immunity. The plaintiff's unsubstantiated assertions and opinions are insufficient to establish a genuine issue of material fact. Accordingly, the court finds that the Magistrate Judge correctly concluded that defendants Asbury, Little, and Jones were entitled to qualified immunity, and that their motion for summary judgment should be granted on that ground.

## 2. Defendant Moody

The plaintiff asserts in his objections that, "[r]egarding Corporal Moody, the plaintiff can show a pattern of arbitrary rejection" of his mail. (Docket Entry No. 42, p. 5) In support of his claim, the plaintiff has provided selected copies of his "Inmate Mail History," as well as a photocopy of two postcards that were returned to sender in November and December, 2006. (Docket Entry No. 42, Attach. Ex. 1-4)

The plaintiff filed this action in district court on June 25, 2007. Any alleged event that occurred prior to June 26, 2006 falls outside the one-year statute of limitations for actions brought under 42 U.S.C. § 1983. Exhibits 1 and 2 cover mail-related events during the period December 23, 2003 through February 20, 2004. Consequently, the events described therein fall outside the statute of limitations. Absent any justification to equitably toll the statute of limitations, Exhibits 1 and 2 are inadmissible to establish defendant Moody's liability under § 1983, or to defeat her motion for summary judgment.

There also is nothing in Exhibits 1 and 2 that shows that defendant Moody was responsible for the mail-related events reflected therein. Exhibits 1 and 2 reveal the officer identification numbers (OFFID) of those officers who rejected the plaintiff's mail: OFFID 2031, 1788, and TL02. (Docket Entry No. 42, Attach. Ex. 1-3) In the memorandum of law in support of their motion for summary judgment, defendant Moody is identified as OFFID 6939. (Docket Entry No. 31, ¶ 5, p.

3

15) The mail-related actions reflected in Exhibits 1 and 2 do not pertain to defendant Moody.

Exhibit 3 shows that OFFID 6939, *i.e.*, defendant Moody, took each of the four (4) mail-related actions indicated therein, including the one addressed by the Magistrate Judge in the R&R.[1] Although the plaintiff asserts that the evidence represented by Exhibit 3 "show[s] a pattern of arbitrary rejection" of his mail by defendant Moody, he fails to allege or show that these actions were arbitrary, that they violated RCADC's mail policy, and/or that they violated his rights under the First Amendment.[2] The plaintiff's naked allegation that defendant Moody rejected his mail arbitrarily is insufficient to establish that a genuine issue of material fact exists as to the actions reflected in Exhibit 3.

Exhibit 4 is a photocopy of two postcards addressed to the plaintiff that were returned to sender in November and December, 2007.[3] The first postcard corresponds to the last entry in Exhibit 3, and both correspond to the single instance involving defendant Moody to which the Magistrate Judge referred in the R&R. As to the second postcard, the plaintiff asserts that its rejection went beyond RCADC's mail policy, and that failure to deliver the postcard to him constituted "unlawful rejection with deception by stating [that he had] been released." (Docket Entry No. 42, p. 5)

The plaintiff does not allege, show, or provide any evidence that the Magistrate Judge erred in his recommendation pertaining to the first postcard. Although he does not say so specifically, it

---

[1] The plaintiff submitted Exhibit 3 with his original complaint. (CM/ECF Docket Entry No. 1, Attach. 9, p.3) Thus, Exhibit 3 was before the Magistrate Judge at the time the R&R entered.

[2] In fact, two of the three mail-related actions described in Exhibit 3 are the same as those that the Magistrate Judge considered in concluding that the other defendants were entitled to absolute immunity.

[3] The plaintiff also submitted Exhibit 4 with his original complaint. (CM/ECF Docket Entry No. 1, Attach. 4, p. 14) Again, Exhibit 4 was before the Magistrate Judge at the time the R&R entered.

4

may be inferred from the objections that the plaintiff is alleging that defendant Moody rejected the second postcard. The plaintiff has not, however, provided any evidence to support his claim. Whereas the plaintiff has provided copies of his "Inmate Mail History" in support of his other mail-related claims, he has not provided a similar record with respect to his claim pertaining to the second postcard. Neither has he provided an affidavit in lieu thereof. The plaintiff's silence on the first postcard and his unsupported claim pertaining to the second is, once again, insufficient to establish that a genuine issue of material fact exists.

As reasoned herein, the plaintiff has provided no evidence that the Magistrate Judge erred in his conclusion that defendant Moody was entitled to summary judgment. Accordingly, the court finds that the Magistrate Judge correctly concluded that defendant Moody was entitled to summary judgment for the reasons stated in the R&R.

### III. CONCLUSION

After reviewing the record, including the R&R and the documents filed by the plaintiff in response thereto, the court is of the opinion that the Magistrate Judge's conclusions and recommendations are correct. Accordingly the R&R is **ACCEPTED**, and is **ADOPTED** as the findings of fact and conclusions of law of this court. For the reasons expressed therein, and in this opinion, all of the plaintiff's claims against defendants Asbury, Little, Jones, and Moody are **DISMISSED** with prejudice.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge